IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHNNY L. CHAPPELL,

       Plaintiff,

v.

                       CIVIL ACTION NO.

                       1:04-CV-2397-JEC

EDWARD A. SHAHEEN, M.D., JOSEPH
T. HORMES, M.D., KENNESTONE
HOSPITAL, GREGORY LUNCEFORD,
M.D., RAUL E. PARALITCCI, M.D.,
JOSEPH ARMISTEAD, M.D., MARK L.
WETHERLY, M.D., WILLIAM C.
CHOCALLO, M.D., JOSEPH
WHEATLEY, M.D., MARVIN TARK,
M.D., TARIQ JAVED, M.D.,
PHYSICAL THERAPIST AT
KENNESTONE HOSPITAL, and DONNA
MOSS, M.D.,

       Defendants.

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 3 0 2005

LUTHER D. THOMAS Clerk
By: _____
      Deputy Clerk

### O R D E R and O P I N I O N

    This case is presently before the Court on plaintiff's Motion
for Summary Judgment [72], defendant Shaheen's Motion to Dismiss
[77], defendant Shaheen's Motion for Summary Judgment [78], defendant
Wheatley's Motion for Summary Judgment [80], plaintiff's Motion to
Reconsider [84], plaintiff's Motion to Proceed *In Forma Pauperis*
[86], plaintiff's Motions to Add Fraud Claims [91] and [92],
defendants Kennestone Hospital and Donna Moss's Motion to  Dismiss
and Strike Plaintiff's Pleadings [98], defendant Wheatley's Motion to

AO 72A
(Rev.8/82)

Dismiss [107], and defendant Wheatley's Motion for Sanctions [118]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion for Summary Judgment [72] should be **DENIED**, defendant Shaheen's Motion to Dismiss [77] should be **DENIED as moot**, defendant Shaheen's Motion for Summary Judgment [78] should be **GRANTED**, defendant Wheatley's Motion for Summary Judgment [80] should be **GRANTED**, plaintiff's Motion to Reconsider [84] should be **GRANTED in part** and **DENIED in part**, plaintiff's Motion to Proceed *In Forma Pauperis* [86] should be **GRANTED** as unopposed, plaintiff's Motions to Add Fraud Claims [91] and [92] should be **DENIED**, defendants Kennestone Hospital and Donna Moss' Motion to Dismiss and Strike Plaintiff's Pleadings [98] should be **DENIED**, defendant Wheatley's Motion to Dismiss [107] should be **DENIED as moot**, and defendant Wheatley's Motion for Sanctions [118] should be **DENIED as moot**.

## BACKGROUND

Plaintiff filed this medical malpractice action on August 15, 2004, against various defendants who treated him at Kennestone Hospital in April, 2003.[1]  (Compl. [1].)  According to plaintiff, he

---

[1]  The Court draws the facts from plaintiff's Complaint [1], plaintiff's medical records attached to the Complaint [1], the parties' Joint Preliminary Report and Discovery Plan [26], and plaintiff's Amended Complaint [47].

arrived at Kennestone Hospital's Emergency Room on April 16, 2003 experiencing severe lower back pain and weakness in his legs. (Joint Prelim. Report and Disc. Plan [26].)   While he was in the emergency room, plaintiff underwent a fairly extensive work-up, including blood work, a lumbar puncture, and an MRI scan of the thoracic spine. (Id.)   Subsequently, plaintiff was admitted to the hospital and evaluated by several physicians, including a neurologist, urologist, pain specialist, and psychiatrist, who all interpreted plaintiff's tests as normal.   (Id.; Compl. [1] and attached medical records.)

While still in the hospital on April 24, 2003, plaintiff claimed that he fell while transferring from the commode to the bed, and complained of increasing pain. (Joint Prelim. Report and Disc. Plan [26] at 3.)    Doctors at Kennestone ordered further x-rays of plaintiff's spine and a second MRI, which were again interpreted as normal.   (Id.)   Plaintiff was released from the hospital on April 27th, with an order for physical therapy but no additional medications.   (Compl. [1] and attached medical records.)

At some point after his treatment at Kennestone, plaintiff became disabled as a result of his back injury. (Amended Compl. [47].)   It is not clear from the Amended Complaint exactly what occurred after plaintiff left Kennestone, or how he became disabled. However, the Court gathers from plaintiff's various filings that after leaving Kennestone, plaintiff received treatment at the Mayo

3

AO 72A
(Rev.8/82)

Clinic and at Northwest-Abbott Hospital in Minnesota, and that one of these facilities diagnosed plaintiff with a spinal cord injury. (Amended Compl. [47]; Compl. [1] and attached medical records; Yohannes Aff. [93].)

Plaintiff contends that his treatment at Kennestone caused or exacerbated his back injury. (Amended Compl. [47].)  In his original Complaint, plaintiff claimed that the defendant hospital and medical professionals violated various state and federal laws in responding to plaintiff's medical emergency on April 16, 2003, including Georgia's registration and reporting procedures applicable to spinal cord disabled patients pursuant to O.C.G.A. § 31-18-3, Georgia's emergency services statute, O.C.G.A. § 31-11-80, and the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, *et seq.* (Compl. [1].)  Plaintiff also asserted state law claims for medical malpractice. (*Id.*)

Although plaintiff's original Complaint set forth several bases of liability, it did not contain any details about the individual defendants' alleged malfeasance.  (Compl. [1].)  Neither did the Complaint contain a jurisdictional statement, as required by the Federal Rules of Civil Procedure, or an expert affidavit, as required by Georgia law.  (*Id.*)  In addition, plaintiff failed to properly serve several defendants.  (*See* Def.'s Initial Disclosures [41].)

4

As a result of the deficiencies in plaintiff's original Complaint, all of the defendants filed motions to dismiss and alternative motions for a more definite statement. (Defs.' Mots. to Dismiss [7],[12],[15],[16],[18],[23],[29].) Defendants' motions were based on plaintiff's failure to include in his Complaint: 1) specific allegations concerning each defendant; 2) a jurisdictional statement, as required by Federal Rule of Civil Procedure 8(a); and 3) an expert affidavit, as required by O.C.G.A. § 9-11-9.1. (Defs. Paralitcci, Armistead, and Wetherly's Mot. to Dismiss [23] at 3-5; Def. Shaheen's Mot. to Dismiss [18]; Def. Moss' Mot. to Dismiss [16]; Def. Hormes' Mot. to Dismiss [15]; and Defs. Javed, Wheatley, and Tark's Mots. to Dismiss [7], [12], [29].) Several defendants also sought dismissal as a result of plaintiff's failure to properly serve the Complaint, as required by Federal Rule of Civil Procedure 4. (*See* Defs.' Mot. to Dismiss for Failure to Serve [23] at 5-8.)

Shortly after filing these motions, defendants jointly requested a preliminary conference with the Court to discuss their pending motions, and to address threatening phone calls plaintiff allegedly made to several defendants and third parties. (Defs.' Mot. for Prelim. Conference/Hr'g [27].) At the conference, the Court ordered plaintiff to file an amended complaint setting forth with more specificity his allegations against each defendant. (Order [45].) The Court also ordered plaintiff to include a jurisdictional

5

AO 72A
(Rev.8/82)

statement in his complaint, and to attach an expert affidavit as required by Georgia law. (*Id.*) Finally, the Court ordered plaintiff to serve the complaint on all the defendants, and to file his initial disclosures. (*Id.*; Conference Tr. [44].) The Court denied without prejudice defendants' motions to dismiss, giving plaintiff the opportunity to file a complaint that complied with the Federal Rules of Civil Procedure and Georgia medical malpractice law. (Order [45].)

Plaintiff filed his Amended Complaint on February 10, 2005. (Amended Compl. [47].) In the Amended Complaint, plaintiff elaborated on his allegations concerning each defendant, but still failed to include a jurisdictional statement, or to attach an expert affidavit. (*Id.*) Defendants Paraliticci, Armistead, Weatherly, Tark, Hormes, and Javed filed second motions to dismiss, arguing that plaintiff: 1) failed to perfect service of the Complaint; 2) failed to include a jurisdictional statement; and 3) failed to attach an expert affidavit. (Defs. Paraliticci, Armistead, and Wetherly's Mot. to Dismiss [51]; Def. Tark's Mot. to Dismiss [52]; Def. Hormes' Mot. to Dismiss [58]; and Def. Javed's Mot. to Dismiss [64].)

Plaintiff failed to respond to defendants' second motions to dismiss. Accordingly, the Court granted the motions as unopposed, and dismissed defendants Paralitcci, Armistead, Wetherly, Tark, Hormes, Moss, Kennestone Hospital, Physical Therapist at Kennestone

6

Hospital, and Javed from the case.   (Order [74].)   In separate Orders, the Court dismissed defendants Chocallo and Lunceford as a result of plaintiff's failure to serve these defendants pursuant to Federal Rule of Civil Procedure 4.   (Order dismissing Lunceford [71]; Order dismissing Chocallo [76].)

Plaintiff subsequently filed a Motion for Reconsideration of the Court's Order dismissing certain defendants, as well as a Motion for Summary Judgment. (Pl.'s Mot. for Recons. [84]; Pl.'s Mot. for Summ. J. [72].)   Plaintiff has since filed an Application to Proceed *In Forma Pauperis* and Motions to Add Fraud Claims against several defendants. (Pl.'s Application to Proceed Without Prepayment of Fees and Aff. [86]; Pl.'s Mots. to Add Fraud Claim [91],[92].)   In addition, defendant Shaheen has filed a Motion to Dismiss and a Motion for Summary Judgment.  (Def. Shaheen's Mot. to Dismiss [77]; Def. Shaheen's Mot. for Summ. J. [78].)   Finally, defendant Wheatley has filed a Motion to Dismiss, a Motion for Summary Judgment, and a Motion for Sanctions.  (Def. Wheatley's Mot. for Summ. J. [80]; Def. Wheatley's Mot. to Dismiss [107]; Def. Wheatley's Mot. for Sanctions [118].)   All of these motions are now before the Court.

## DISCUSSION

### I.   Plaintiff's Motion to Reconsider

On April 11, 2005, the Court granted as unopposed various defendants' motions to dismiss. (Order [74].)   Plaintiff has filed

7

AO 72A
(Rev.8/82)

a motion for reconsideration of this Order. (Pl.'s Mot. to Recons. [84].) In his motion, plaintiff clarifies that he does not oppose the Court's dismissal of defendants Armistead, Chocallo, Wetherly, Tark, Lunceford, Paraliticci, and Physical Therapist at Kennestone Hospital. (*Id.*) Accordingly, these defendants are dismissed from this lawsuit pursuant to the Court's prior Order. Plaintiff is directed to remove these defendants from the caption of any future filings, and to refrain from filing motions concerning these defendants.[2]

As to the remaining defendants, plaintiff argues that the Court should reconsider its Order dismissing Hormes, Javed, Moss, and Kennestone Hospital.[3] Plaintiff does not set forth the legal basis for his motion. The Court presumes that he is seeking to set aside the Court's Order pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.2(E), which authorize motions to reconsider an order

---

[2] Plaintiff has continued to name these defendants, all of whom have been dismissed from the suit since April 11, 2005, in his filings with the Court. (*See, e.g.*, Pl.'s Mot. to Add Fraud Claims [91] and [92].) This has lead to confusion and "cautionary" responses by the former defendants. (*See* Special Appearance and Opp. to Pl.'s Mot. to Add Fraud Claims [95].)

[3] Plaintiff also contends that defendant Shaheen "must be added back [o]nto the list." (Pl.'s Mot. to Recons. [84].) The Court's prior Order did not mention defendant Shaheen, as he had not yet filed his second motion to dismiss. (Order [74].) Thus, defendant Shaheen has not been dismissed from the lawsuit, and is not a proper subject for plaintiff's Motion to Reconsider.

AO 72A
(Rev.8/82)

granting summary judgment or dismissal.   *See Livernois v. Medical Disposables, Inc.,* 837 F.2d 1018, 1021 (1988) (finding motion to reconsider summary judgment order cognizable under Rule 59(e)).

Pursuant to Local Rule 7.2(E), motions for reconsideration should "not be filed as a matter of routine practice," but only when "absolutely necessary."   N.D. Ga. R. 7.2(E).   "Reconsideration is only 'absolutely necessary' where there is:   1) newly discovered evidence; 2) an intervening development or change in controlling law; or 3) a need to correct a clear error of law or fact."   *Bryan v. Murphy,* 246 F.Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (Martin, J.) (citations omitted).   A motion for reconsideration is not an appropriate mechanism to set forth new theories of law, or introduce new evidence, unless the evidence was previously unavailable.   *Mays v. U.S. Postal Serv.,* 122 F.3d 43, 46 (11th Cir. 1997).   Likewise, parties cannot use a motion for reconsideration to "relitigate old matters" or "raise argument[s] . . . that could have been raised prior to the entry of judgment."   *Linet v. Vill. of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005).   *See also, Mincey v. Head,* 206 F.3d 1106, 1137 (11th Cir. 2000) (noting that the function of a motion for reconsideration is not "to give the moving party another 'bite at the apple'").

Plaintiff argues that the Court should reconsider its Order dismissing Hormes, Javed, Moss, and Kennestone Hospital because "they

AO 72A
(Rev.8/82)

are first responders" and because the Court "did not notify
[plaintiff] that these defendants were motioning to dismiss." (Pl.'s
Mot. to Recons. [84].)   Plaintiff's arguments with regard to
defendants Hormes and Javed are without merit.   Defendant Hormes
filed his motion to dismiss on February 24, 2005.   (Def. Hormes'
Second Mot. to Dismiss [58].)  Defendant Javed filed a similar motion
on March 3, 2005.   (Def. Javed's Second Mot. to Dismiss [64].)
Plaintiff does not dispute, and the certificates of service confirm,
that Hormes and Javed served plaintiff with copies of their motions.
(Def. Hormes' Opp. to Pl.'s Mot. to Recons. [88] at Ex. A; Def.
Javed's Second Mot. to Dismiss [64].)   Thus, plaintiff cannot claim
that he did not have notice of the motions.

Moreover, the Local Rules are clear about the time in which
plaintiff was required to respond to defendants' motions.  *See* N.D.
Ga. R. 7.1(B)(requiring a party opposing a motion to respond within
10 days, or 20 days in the case of a motion for summary judgment).
Plaintiff failed to do so.  Whatever arguments plaintiff might have
raised against Hormes' and Javed's motions, including his ambiguous
statement that they are "first responders," could and should have
been raised prior to the Court's Order granting the motions as
unopposed.  Plaintiff does not assert any newly discovered evidence
or intervening change in the law, and does not allege a clear error

10

of fact or law, as required to prevail on his motion for reconsideration. *Linet,* 408 F.3d at 763.

As there is no basis for the Court to reconsider its Order dismissing Hormes and Javed, plaintiff's motion to reconsider should be **DENIED** with respect to these defendants. Accordingly, defendants Hormes and Javed are dismissed from the suit pursuant to the Court's prior Order.  Plaintiff is directed to refrain from filing motions concerning these defendants, and to remove these defendants from the caption in future filings in this case.

As to defendants Moss and Kennestone Hospital, plaintiff's motion to reconsider has some merit, as it appears that the Court's Order dismissing these defendants was based on a clerical error.  On February 28, 2005, defendant Moss filed her initial disclosures. (Moss's Initial Disclosures [61].)   This filing was incorrectly docketed as a "Motion to Dismiss Donna Moss, Kennestone Hospital, and Physical Therapist at Kennestone Hospital." (Docket [61].)  After a thorough review of all of the parties' filings, the Court has not located a second motion to dismiss by defendants Moss or Kennestone Hospital.[4]  Thus, plaintiff's argument that he was "not notified that

---

[4]   Subsequent to the Court's April 11, 2005 Order, defendants Kennestone Hospital and Moss filed a Motion to Dismiss and to Strike Plaintiff's Pleadings based on their prior dismissal.  (Defs.' Mot. to Dismiss and Strike Pl.'s Pleadings [98].)  As that dismissal was due to a clerical error, defendants' motion should be **DENIED**.

11

these defendants were motioning to dismiss" is persuasive, as there is no record of any motion, or corresponding certificate of service, being filed.

As it appears that the dismissal of defendants Moss and Kennestone Hospital was based on a clerical error, and that neither Moss nor Kennestone Hospital filed a second motion to dismiss prior to the Court's April 11, 2005 Order, plaintiff's motion to reconsider should be **GRANTED** as to these defendants.  Because defendants may have been misled concerning the status of plaintiff's claims against them, the Court grants Moss and Kennestone Hospital **10 days** in which to file a second motion to dismiss addressing the deficiencies in plaintiff's Complaint, which plaintiff's Amended Complaint fails to correct.

## II.  Defendant Wheatley's Motion to Dismiss, Motion for Summary Judgment, and Motion for Sanctions

Defendant Wheatley has filed a Motion to Dismiss, a Motion for Summary Judgment, and a Motion for Sanctions.  (Def. Wheatley's Mot. to Dismiss [107], Mot. for Summ. J. [80], and Mot. for Sanctions [118].)  The Court addresses Wheatley's Motion for Summary Judgment first, as the resolution of this motion is dispositive of the  Motion to Dismiss and the Motion for Sanctions.

12

### A.    Summary Judgment Standard

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."" FED. R. CIV. P. 56(c).  A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant.  *Id.* at 249-50.

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits.  Instead, Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  *Id.* at 322-23 (quoting FED. R. CIV. P. 56(c)).

13

The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323. However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleading" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324. While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (1986).

**B.    Defendant Wheatley is entitled to summary judgment.**

Plaintiff asserts a medical malpractice claim against defendant Wheatley. (Amended Compl. [47] at ¶ 25.) Specifically, plaintiff contends that Wheatley failed to exercise a reasonable degree of skill and care "in interpreting and reporting the results of [his] MRI." (*Id.*) Plaintiff further alleges that Wheatley "reported that the MRI was normal when it, in fact, plainly showed an abnormality."

14

(*Id.*)

To prevail on his medical malpractice claim under Georgia law, plaintiff must demonstrate:   1) the duty inherent in the doctor-patient relationship; 2) that defendant breached that duty by failing to exercise the requisite degree of skill and care; and 3) that this failure proximately caused plaintiff's injury.   *Zwiren v. Thompson,* 276 Ga. 498, 500, 578 S.E. 2d 862, 864 (2003).[5]   In order to establish Wheatley's breach of a duty and proximate cause, plaintiff must produce expert testimony, because these questions  generally require "specialized expert knowledge beyond the ken of the average layperson."   *Id.* at 500, 865.

In support of his motion for summary judgment, defendant Wheatley attaches his own expert affidavit. (Wheatley Aff. [80] at ¶¶ 3-6.)   In his affidavit, Wheatley testifies that he is a practicing urologist, who had a one-time consultation with plaintiff

---

[5]  The parties have not addressed which state law applies.   It appears from the record that plaintiff's alleged injury occurred at Kennestone Hospital, in Georgia.   (Amended Compl. [47].)   Moreover, defendants have cited Georgia medical malpractice law in their motions, and plaintiff has not raised a choice of law argument. Accordingly, the Court will consider plaintiff's medical malpractice claim under Georgia law.   *See Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.,* 135 F.3d 750, 752 (11th Cir. 1998) ("Federal courts sitting in diversity apply the forum state's choice-of-law rules."); and *Dowis v. Mudslingers, Inc.,* –S.E. 2d–, 2005 WL 2708503 *6 (Ga. 2005) (affirming the *lex loci delicti* rule applicable in Georgia).

15

on April 17, 2003 at Kennestone Hospital.[6]  (Wheatley Aff. [80] at ¶ 2.)    Wheatley's  consultation  with  plaintiff  was  limited  to determining  whether  plaintiff  could  continue  taking  the  drug Acyclovir, a herpes medication.  (*Id.* at ¶ 3.)  After consulting with plaintiff,  Wheatley  determined  that  it  would  be  acceptable  for plaintiff to continue taking Acyclovir.  (*Id.* at ¶ 4.)  Wheatley had no other involvement in plaintiff's treatment at Kennestone.  (*Id.* at ¶¶ 7-9.)  In particular, he did not read, interpret, or report the results of plaintiff's MRI scans.  (*Id.* at ¶ 5; Amended Compl. [47] at ¶ 25.)  Wheatley's affidavit thus establishes that his actions could  not  have  been  the  proximate  cause  of  plaintiff's  alleged injury.

Moreover, Wheatley attests in his affidavit that in treating plaintiff,  he  exercised  the  requisite  degree  of  skill  and  care. (Wheatley Aff. [80] at ¶ 9.)  Therefore, Wheatley's affidavit further establishes  that  he  did  not  breach  any  duty  to  plaintiff.    *See Nettles v. Laws,* 172 Ga. App. 241, 242, 322 S.E. 2d 546, 547 (1984) ("To avoid summary judgment a plaintiff in a malpractice action must counter the affidavit of a defendant's expert with a contrary expert opinion.").

---

[6]  Plaintiff did not respond to defendant Wheatley's Statement of Material Facts.  Those facts are thus deemed admitted pursuant to Local Rule 56.1(B)(2).

AO 72A
(Rev.8/82)

Plaintiff does not present any evidence to rebut Wheatley's testimony, and does not dispute that Wheatley is a urologist, who had limited involvement in his case.   Instead, in his response to Wheatley's motion, plaintiff simply urges the Court to avoid dismissing his Complaint on "technical procedural" grounds.   (Pl.'s Opp. to Def. Wheatley's Mot. to Dismiss [109] at ¶ 4.)   Wheatley's affidavit creates more than a technical or procedural problem for plaintiff--it negates two essential elements of his claim.   As Wheatley's affidavit is uncontroverted, and conclusively establishes that Wheatley met the appropriate standard of care in treating plaintiff, and that his actions could not possibly be construed as the proximate cause of plaintiff's alleged spinal cord injury, defendant Wheatley is entitled to summary judgment.   Accordingly, defendant Wheatley's Motion for Summary Judgment should be **GRANTED.** Plaintiff is directed to refrain from filing motions concerning defendant Wheatley and to remove Wheatley's name from any future filings in this case.

In his Motion to Dismiss, defendant Wheatley requests dismissal of plaintiff's claims as a result of plaintiff's failure to include a jurisdictional statement in his Amended Complaint, and failure to attach an expert affidavit to the Amended Complaint.   (Def. Wheatley's Mot. to Dismiss [107].)   In his Motion for Sanctions, defendant Wheatley similarly requests that the Court dismiss

AO 72A
(Rev.8/82)

plaintiff's claims as a result of discovery violations, including plaintiff's failure to respond to Wheatley's First Interrogatories and Request for Production of Documents. (Def. Wheatley's Mot. for Sanctions [118].)  As the Court has granted summary judgment to Wheatley, the relief he requests in his Motion to Dismiss and Motion for Sanctions is moot.  Accordingly, defendant Wheatley's Motion to Dismiss and Motion for Sanctions should be **DENIED as moot.**

### III. Defendant Shaheen's Motion to Dismiss and for Summary Judgment

Defendant Shaheen has filed a Motion to Dismiss and a Motion for Summary Judgment.  (Def. Shaheen's Mot. to Dismiss [77] and Def. Shaheen's Mot. for Summ. J. [78].)  The Court addresses the Motion for Summary Judgment first, as that motion is dispositive of the Motion to Dismiss.

Defendant Shaheen filed his Motion for Summary judgment on April 14, 2005.  (Def. Shaheen's Mot. for Summ. J. [78].)  In an Order dated May 6, 2005, the Court noted that plaintiff had failed to respond to the motion, and that the motion was deemed unopposed pursuant to Local Rule 7.1(B).  (Order [94].)  Although plaintiff purported to respond to defendant Shaheen's Motion to Dismiss approximately a month later, on June 6, 2005, plaintiff has yet to respond to the Motion for Summary Judgment.  Accordingly, defendant Shaheen's Motion for Summary Judgment should be **GRANTED** as unopposed.

Even construing plaintiff's response to Shaheen's Motion to

18

Dismiss as a joint response to Shaheen's Motion to Dismiss and Motion for Summary Judgment, the Motion for Summary Judgment should be granted on its merits.    Plaintiff alleges that defendant Shaheen negligently misread his MRI scans, misdiagnosed his spinal cord injury, and failed to administer proper medications for plaintiff's condition.    (Amended Compl. [47] at ¶¶ 1-12.)    Thus, plaintiff asserts medical malpractice claims against Shaheen.

As noted, to prevail on his medical malpractice claim under Georgia law, plaintiff must demonstrate:  1) the duty inherent in the doctor-patient relationship; 2) that Shaheen breached that duty by failing to exercise the requisite degree of skill and care; and 3) that this failure proximately caused plaintiff's injury. *Zwiren,* 276 Ga. at 499, 578 S.E. 2d at 864.  In support of his motion for summary judgment, defendant Shaheen submits his own expert affidavit attesting that he exercised the appropriate degree of skill and care in treating plaintiff.    (Shaheen Aff. [78] at ¶ 4.)    To survive summary judgment, plaintiff must counter Shaheen's affidavit with expert testimony disputing Shaheen's opinion. *See Nettles,* 172 Ga. App. at 242, 322 S.E. 2d at 547.

In support of his claim, plaintiff has submitted the affidavit of Monica Yohannes, a retired registered nurse from Minnesota. (Yohannes Aff. [93].)  Yohannes opines that plaintiff's treatment at Kennestone was not "protocol."    (*Id.*)    However, the Yohannes

19

affidavit is insufficient to rebut Shaheen's testimony.   In its recent decision in *McDowell v. Brown,* 392 F.3d 1283 (11th Cir. 2004), the Eleventh Circuit explained that, to determine whether expert testimony is admissible in a diversity action based on state medical malpractice law, the Court must first determine whether the expert is competent to testify under state law, and then decide whether the expert's testimony is admissible under Federal Rule of Civil Procedure 702.   392 F.3d at 1295.  Yohannes does not meet Georgia's competency standards, nor the standards of Rule 702.

Under Georgia law, an expert is only competent to testify in a medical malpractice action if she "ha[s] actual professional knowledge and experience in the area of practice or specialty in which the opinion is to be given."  O.C.G.A. § 24-9-67.1(c)(2).  *See also, Tucker v. Talley,* 267 Ga. App. 820, 825, 600 S.E. 2d 778, 782 (2004) ("The general rule is that a member of a school of practice other than that to which the defendant belongs is not competent to testify as an expert in a malpractice case.")  Addressing a case similar to this one, the court in *Tucker* found that a nurse was not competent to provide expert testimony concerning a doctor's misdiagnosis of plaintiff's meningitis.  *Tucker,* 267 Ga. App. at 825, 600 S.E. 2d at 782.  In addition, Georgia law requires expert medical testimony to be based on sworn or certified copies of medical records or upon personal knowledge.  *Loving v. Nash,* 182 Ga. App. 253, 255,

20

355 S.E. 2d 448, 450 (1987).  As the basis of Yohannes' opinions is unclear, she does not meet the *Loving* standard.  *Id.; see also, Nettles,* 172 Ga. App. at 242, 322 S.E. 2d at 547 (finding that expert affidavit had no probative value where it did not clearly identify the matter upon which it was based).

Federal Rule 702 similarly requires knowledge or experience in the relevant field and sufficient indicia of reliability.  *See Allison v. McGhan Medical Corp.,* 184 F.3d 1300, 1309 (11th Cir. 1999) (explaining Rule 702 requirement that expert be qualified to testify in the relevant field), and *U.S. v. Brown,* 415 F.3d 1257 (11th Cir. 2005) (upholding district court's refusal to qualify expert with a Ph.D. in plant pathology who had only worked with the chemical substance at issue in the case on "isolated projects").  Yohannes does not profess to have any expertise in the interpretation of MRI scans, the specific act of negligence that plaintiff alleges against Shaheen.  Moreover, in part because of her lack of expertise in the relevant field and in part because it is not clear how she arrived at her opinions, Yohannes' affidavit is notably lacking sufficient indicia of reliability.

Yohannes is a retired and unlicensed nurse.  (Yohannes Aff. [93].)  She opines that plaintiff's treatment was not "protocol," but the basis for her opinion is not clear.  Moreover, she does not profess to have any knowledge concerning the reading or interpreting

21

of MRI scans, the specific act of negligence alleged to have caused plaintiff's injury. (Yohannes Aff. [93].) Yohannes' testimony is thus insufficient to establish the standard of care or defendant Shaheen's breach of that standard. *See Nettles,* 172 Ga. App. at 242, 322 S.E. 2d at 547 (rejecting affidavit where its underlying basis was unclear), and *Tucker,* 267 Ga. App. at 825, 600 S.E. at 782 (holding that nurse could not competently testify as to doctor's appropriate standard of care in misdiagnosing plaintiff's meningitis). Yohannes is not competent under Georgia law to provide expert testimony in this case, and her testimony is not admissible under Federal Rule of Civil Procedure 702. *See McDowell,* 392 F.3d at 1295.

In his response to defendant Shaheen's Motion to Dismiss, plaintiff again urges the Court to avoid dismissing his Complaint as a result of "technical procedural problems." (Pl.'s Opp. to Def. Shaheen's Mot. to Dismiss [109] at ¶ 4.) As with Wheatley's affidavit, however, Shaheen's testimony creates more than a technical problem because it negates an essential element of plaintiff's claim. Accordingly, defendant Shaheen's Motion for Summary Judgment [78] should be **GRANTED**, both on its merits and because it was deemed unopposed by the Court's prior Order. (Order [94].) As this ruling is dispositive of plaintiff's claims against Shaheen, his Motion to Dismiss [77] should be **DENIED** as moot.

22

## IV.   Plaintiff's Motion for Summary Judgment

Plaintiff has filed a motion for summary judgment based on defendants' alleged violation of several statutes cited in his first Complaint. (Pl.'s Mot. for Summ. J. [72].)   Specifically, plaintiff contends that defendants violated Georgia's registration and reporting procedures applicable to patients with spinal cord injuries pursuant to O.C.G.A. § 31-18-3, Georgia's emergency services statute, O.C.G.A. § 31-11-80, *et seq.*, and the federal Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, *et seq.* (*Id.*)   In support of his motion, plaintiff cites his medical records and certain admissions in defendant Hormes' Answer.   (*Id.*) Plaintiff contends that these documents conclusively establish defendants' violation of the cited statutes. (*Id.*)   Having reviewed Hormes' admissions and plaintiff's medical records, the Court does not agree with plaintiff's interpretation of the evidence in the record.   In addition, none of the statutes plaintiff cites creates a cognizable claim for relief on the facts plaintiff alleges.

Georgia's reporting and registration procedures require physicians to "report to the department [of human resources] the name of any person . . . the [physician] has identified as being spinal cord disabled or head-injured."   O.C.G.A. § 31-18-3.   Plaintiff contends that Hormes' admission in his Answer that he "did not notify the [relevant department] 'of a patient with SCI'" conclusively

23

establishes that Hormes violated Section 31-18-3. (Pl.'s Mot. for Summ. J. [72] at ¶ 1.) As an initial matter, plaintiff's claims against Hormes were dismissed on April 11, 2005, as a result of the Court's Order granting Hormes' unopposed Motion to Dismiss. (Order [74].) Plaintiff cannot revive his dismissed claims against Hormes with his Motion for Summary Judgment.

Moreover, Hormes' admissions do not establish a violation of Georgia's reporting and registration procedures. As noted, the statute requires that physicians report the name of any person "*identified* as being spinal cord disabled or head-injured" to the Department of Human Resources. O.C.G.A. § 31-18-3. Nothing in plaintiff's medical records indicates that he was identified as being spinal cord disabled. Indeed, plaintiff's primary complaint is that he was *not* identified as spinal cord disabled. (Compl. [1]; Amended Compl. [47].) Georgia's registration and reporting procedures do not create a separate cause of action for negligently failing to identify a patient as spinal cord disabled. *See* O.C.G.A. § 31-18-1, *et seq.* As plaintiff's medical records demonstrate that he was not identified as spinal cord disabled or head injured, O.C.G.A. § 31-18-3 does not apply.

Plaintiff also argues in his motion that his medical records conclusively establish that defendants violated EMTALA and the Georgia emergency services statute. EMTALA "requires hospitals to

24

provide persons requiring emergency medical treatment with 'an appropriate medical screening examination.'" *Holcomb v. Monahan,* 30 F.3d 116, 117 (11th Cir. 1994). It does not create a "federal malpractice claim" and is "not designed to redress a negligent diagnosis by the hospital." *Id.* The Georgia emergency services statute, O.C.G.A. § 31-11-80, *et seq.,* similarly requires emergency medical personnel to *evaluate* a person with an emergency condition, but does not create a private cause of action for negligent evaluation or treatment. *See* O.C.G.A. § 31-11-82(a).[7]

As plaintiff's Complaint and medical records demonstrate, medical personnel at Kennestone Hospital clearly met the screening and evaluation requirements of EMTALA and Georgia's emergency services statute. Medical staff examined plaintiff in the emergency room, admitted him to the hospital for approximately a week, and performed numerous tests on him, including two MRI scans. (Compl. [1] and attached medical records.) *See Holcomb,* 30 F.3d at 117. Thus, plaintiff does not have a cognizable claim under EMTALA or O.C.G.A. § 31-11-80, *et seq.*

The only potentially viable claim that plaintiff asserts in his Complaint and Amended Complaint is a claim for medical malpractice,

---

[7] The statute also prohibits insurance companies from denying payment for the initial evaluation and any testing or treatment that the attending physician determines is necessary, which appears to be its primary purpose. *See* O.C.G.A. § 31-11-82(b).

AO 72A
(Rev.8/82)

based on state negligence law.  Accordingly, plaintiff's Motion for Summary Judgment, based on defendants' alleged violation of Georgia's reporting and registration procedures, EMTALA, and Georgia's emergency services statute should be **DENIED**.

**V.    Plaintiff's Motion to Add Fraud Claims**

Plaintiff has filed a Motion to Add Fraud Claims and a letter purporting to assert those claims against certain dismissed defendants.  (Pl.'s Mots. to Add Fraud Claims [91] and [92].)  Again, plaintiff does not cite the legal basis for his motion.  Presumably he is seeking to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a).

Rule 15(a) provides, in relevant part, that:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

FED. R. CIV. P. 15(a).  As all defendants have served responsive pleadings, and defendants do not consent to plaintiff's proposed amendment, the amendment requires leave of court.  The Court will construe plaintiff's Motion to Add Fraud Claims as a request for leave to amend his complaint.

Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  Nevertheless, courts may deny a motion to amend on numerous grounds, including

26

"undue delay, undue prejudice to defendants, and futility of the amendment." *Carruthers v. BSA Adver., Inc.,* 357 F.3d 1213, 1218 (11th Cir. 2004). In this case, plaintiff filed his Complaint over a year ago, and has already submitted one Amended Complaint. The basic facts underlying his fraud claims, to the extent the Court can ascertain them, were available when plaintiff filed his original Complaint and his Amended Complaint. Plaintiff does not explain his delay in pleading his fraud claim, or why under the circumstances the interests of justice require leave to amend. (*See* Pl.'s Mot. to Add Fraud Claims [92].) Moreover, all defendants have filed one motion to dismiss, and several defendants have filed second motions to dismiss and motions for summary judgment. Allowing plaintiff to amend his complaint at this juncture would prejudice defendants. *See Jameson v. Arrow Co.,* 75 F.3d 1528, 1535 (11th Cir. 1996) (holding that district court did not err in denying request to amend complaint subsequent to defendant filing its motion for summary judgment).

In addition, plaintiff's amendment appears futile. Federal Rule of Civil Procedure 9(b) requires that in pleading fraud, "the circumstances constituting fraud . . . shall be stated with particularity." FED. R. CIV. P. 9(b). To comply with Rule 9(b), plaintiff must plead "facts as to [the] time, place, and substance of [defendants'] alleged fraud, specifically the details of defendants' allegedly fraudulent acts, when they occurred, and who engaged in

27

them." *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002). Plaintiff's proposed amendment is exceedingly vague, and falls far short of this standard.

As plaintiff has not explained his delay in amending his complaint to add a fraud claim, and as the purported amendment is likely futile as a result of plaintiff's failure to comply with Federal Rule of Civil Procedure 9(b), plaintiff's Motions to Add Fraud Claims should be **DENIED**.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's Motion for Summary Judgment [72], **DENIES** as moot defendant Shaheen's Motion to Dismiss [77], **GRANTS** defendant Shaheen's Motion for Summary Judgment [78], **GRANTS** defendant Wheatley's Motion for Summary Judgment [80], **GRANTS in part** and **DENIES in part** plaintiff's Motion to Reconsider [84], **GRANTS** as unopposed plaintiff's Motion to Proceed *In Forma Pauperis* [86], **DENIES** plaintiff's Motions to Add Fraud Claims [91] and [92], **DENIES** defendants Kennestone Hospital and Donna Moss' Motion to Strike Plaintiff's Pleadings [98], **DENIES** as moot defendant Wheatley's Motion to Dismiss [107], and **DENIES** as moot defendant Wheatley's Motion for Sanctions [118].

To clarify the current status of the case, the only remaining defendants are **Kennestone Hospital** and **Donna Moss**, and the only

28

remaining claim against these defendants is a medical malpractice claim based on state negligence law.   Plaintiff is directed to refrain from filing motions concerning any other previously named defendant, and to remove from the caption of his future filings all defendants' names except those of Kennestone Hospital and Donna Moss.

The Court previously entered an Order staying discovery pending its resolution of the above motions. (Order [121].)   Through this Order, the Court has allowed defendants Kennestone Hospital and Donna Moss **ten days** to file a motion to dismiss.   If no motion to dismiss is filed, discovery in this case will resume **thirty (30) days** from today's date.

SO ORDERED, this _30_ day of November, 2005.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)