Case 1:04-cv-02397-JEC   Document 137   Filed 08/25/06   Page 1 of 12

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 25 2006

JAMES N. HATTEN, Clerk
By: [signature]
    [signature] for Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHNNY L. CHAPPELL, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:04-CV-2397-JEC |
| KENNESTONE HOSPITAL, PHYSICAL THERAPIST AT KENNESTONE HOSPITAL, and DONNA MOSS, | |
| Defendants. | |

## O R D E R  and  O P I N I O N

This case is presently before the Court on defendants' Motion to Dismiss [127], defendants' Motion for Reconsideration [128], plaintiff's Motion for Evidentiary Hearing [133], and plaintiff's Motion for Clarification [134].  The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motion to Dismiss [127] should be **GRANTED**, defendants' Motion for Reconsideration [128] should be **DENIED as moot**, plaintiff's Motion for Evidentiary Hearing [133] should be **DENIED**, and plaintiff's Motion for Clarification [134] should be **GRANTED**.

AO 72A
(Rev.8/82)

## BACKGROUND

Plaintiff filed this medical malpractice action on August 15, 2004, against various defendants who treated him at Kennestone Hospital in April, 2003. Plaintiff's original complaint did not contain a jurisdictional statement, as required by the Federal Rules of Civil Procedure, or an expert affidavit, as required by Georgia law. (*Id.*) In addition, plaintiff failed to properly serve several defendants. (*See* Defs.' Initial Disclosures [41].) As a result of these deficiencies, all of the defendants filed motions to dismiss. (Defs.' Mots. to Dismiss [7],[12],[15],[16],[18],[23],[29].)

Shortly after filing these motions, defendants jointly requested a preliminary conference with the Court to discuss their pending motions, and to address threatening phone calls plaintiff allegedly made to several defendants and third parties. (Defs.' Mot. for Prelim. Conference/Hr'g [27].) At the conference, the Court ordered plaintiff to file an amended complaint setting forth with more specificity his allegations against each defendant. (Order [45].) The Court also ordered plaintiff to include a jurisdictional statement in his complaint, and to attach an expert affidavit as required by Georgia law. (*Id.*) Finally, the Court ordered plaintiff to serve the complaint on all the defendants, and to file his initial disclosures. (*Id.*; Conference Tr. [44].) The Court denied without prejudice defendants' motions to dismiss, giving plaintiff the

2

opportunity to file a complaint that complied with the Federal Rules of Civil Procedure and Georgia medical malpractice law. (Order [45].)

Plaintiff filed his Amended Complaint on February 10, 2005. (Amended Compl. [47].) In the Amended Complaint, plaintiff elaborated on his allegations concerning each defendant, but still failed to include a jurisdictional statement, or to attach an expert affidavit. (*Id.*) Defendants Paraliticci, Armistead, Weatherly, Tark, Hormes, and Javed filed second motions to dismiss, arguing that plaintiff: 1) failed to perfect service of the Complaint; 2) failed to include a jurisdictional statement; and 3) failed to attach an expert affidavit. (Defs. Paraliticci, Armistead, and Wetherly's Mot. to Dismiss [51]; Def. Tark's Mot. to Dismiss [52]; Def. Hormes' Mot. to Dismiss [58]; and Def. Javed's Mot. to Dismiss [64].)

Plaintiff failed to respond to defendants' second motions to dismiss. Accordingly, the Court granted the motions as unopposed, and dismissed defendants Paralitcci, Armistead, Wetherly, Tark, Hormes, Moss, Kennestone Hospital, Physical Therapist at Kennestone Hospital, and Javed from the case. (Order [74].) In separate Orders, the Court dismissed defendants Chocallo and Lunceford as a result of plaintiff's failure to serve these defendants pursuant to Federal Rule of Civil Procedure 4. (Order dismissing Lunceford [71]; Order dismissing Chocallo [76].)

3

Plaintiff subsequently filed a Motion for Reconsideration of the Court's Order dismissing certain defendants, as well as a Motion for Summary Judgment. (Pl.'s Mot. for Recons. [84]; Pl.'s Mot. for Summ. J. [72].) Two of plaintiff's medical providers, defendants Shaheen and Wheatley, also filed motions for summary judgment. (Def. Shaheen's Mot. for Summ. J. [78]; Def. Wheatley's Mot. for Summ. J. [80].) In its Order on those motions, the Court denied plaintiff's motion for reconsideration as to defendants Paralitcci, Armistead, Wetherly, Tark, Hormes, Javed, Chocallo, and Lunceford. (Order [126].) In addition, the Court granted summary judgment to defendants Wheatley and Shaheen. (*Id.*) The Court clarified that after its Order, the only defendants remaining in the case were Donna Moss, Kennestone Hospital, and Physical Therapist at Kennestone Hospital. (*Id.*)

As to the remaining defendants, the Court granted plaintiff's motion for reconsideration of its previous order dismissing these defendants from the case. (*Id.*) Specifically, the Court found that its order appeared to have been based on a clerical mistake. (Id.) These defendants claimed to have filed a motion to dismiss on February 28, 2005. (*Id.*) After a thorough review of all of the parties' filings, however, the Court was not able to locate defendants' motion to dismiss. (Id.) The document that defendants filed on February 28, 2005 was titled "Motion to Dismiss Donna Moss,

4

Kennestone Hospital, and Physical Therapist at Kennestone Hospital," but was actually a set of initial disclosures. ([61].) Consequently, the Court granted plaintiff's motion for reconsideration as to these three defendants. (Order [126].)

In its Order, the Court gave the remaining defendants ten days to file a second motion to dismiss, which they have done. (Defs.' Mot. to Dismiss [127].) Defendants have also filed a motion for reconsideration of the Court's Order reinstating plaintiff's claims against them. (Defs.' Mot. for Reconsideration [128].) In addition, plaintiff has filed motions for clarification and an evidentiary hearing. (Pl.'s Mot. for Evidentiary Hr'g [133]; Pl.'s Mot. for Clarification [134].) All of these motions are currently before the Court.

## DISCUSSION

I. **Defendants' Motion to Dismiss**

Defendants request dismissal of plaintiff's claims as a result of plaintiff's failure to include a jurisdictional statement in his Amended Complaint, and his failure to attach an expert affidavit to the Amended Complaint. (Defs.' Mot. to Dismiss [128].) Defendants also contend that they were not properly served in this action. (*Id.*)

Defendants filed their motion to dismiss on December 6, 2005. (*Id.*) On January 13, 2006, the Court granted plaintiff's oral

5

request for an extension of time to respond to the motion. (Order [129].)  In that Order, the Court stated: "Plaintiff's response is due Monday, February 13, 2006.  No further extensions will be given. Failure to respond will result in the motion being granted as unopposed, pursuant to Local Rule 7.1B."  (*Id.*)  On February 16, 2006, plaintiff filed a response to the Court's prior Order. (Pl.'s Response to Order and Opinion [131].)  However, plaintiff never responded to defendants' motion to dismiss. Accordingly, defendants' motion to dismiss should be **GRANTED** as unopposed, pursuant to Local Rule 7.1B.

Even construing plaintiff's response to the Court's Order as a response to the motion to dismiss, plaintiff's response only addresses the expert affidavit requirement. (*Id.*)  Plaintiff argues that Georgia's expert affidavit requirement does not apply in federal court.  (*Id.*)  Accordingly, plaintiff contends, his complaint should not be dismissed for failure to attach an affidavit.  (*Id.*)

The law on this issue is not settled. *See Cahela v. Bernard*, 155 F.R.D. 221, 223-24 (N.D. Ga. 1994)(Carnes, J.)(citing contrary opinions on whether Georgia's expert affidavit requirement applies in federal court). The Eleventh Circuit declined to decide the issue in *Brown v. Nichols*, 8 F.3d 770, 774 (11th Cir. 1993).  At least two courts in this district have subsequently decided that Georgia's expert affidavit requirement does not apply in federal court because

6

it conflicts with Rule 8(a) of the Federal Rules of Civil Procedure. *See Baird v. Celis,* 41 F.Supp. 2d 1358, 1362 (N.D. Ga. 1999)(Camp, J.) and *Denton v. United States,* 2006 WL 358273 *2-3 (N.D. Ga. 2006)(Vining, J.). Accordingly, plaintiff's argument that his complaint should not be dismissed for failure to attach an expert affidavit has some merit.

Nevertheless, defendants' motion to dismiss should be granted on at least two other grounds. First, defendants contend that plaintiff has not properly served them. (Defs.' Mot. to Dismiss [127] at 3.) Plaintiff does not dispute their contention, and the record contains no verification of service for any of these defendants. (*See generally,* Pl.'s Resp. [131].)

The Federal Rules of Civil Procedure require service within 120 days of filing a complaint in federal court. FED. R. CIV. P. 4(m). Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*Id.*

Plaintiff filed his complaint over three years ago. (Compl. [1].) Shortly after he filed his complaint, the Court directed him

7

to serve all defendants by December 14, 2004, and advised him that failure to do so would result in dismissal. (Order [2].) Subsequently, the parties participated in a conference during which the Court specifically directed plaintiff to serve the complaint on all of the defendants. (Conference Tr. [44]; Order [45].) Plaintiff does not dispute that he failed to comply with either of the Court's orders. (Pl.'s Resp. [131].)

Federal Rule 4(m) permits a district court to exercise discretion either to dismiss a complaint that has not been timely served, or to extend the time for service of process. *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, (11th Cir. 2005). Plaintiff does not dispute that he has not properly served these defendants, and he has not even attempted to show good cause. (Pl.'s Response [131].) *See Thompson v. United States Dep't of Homeland Sec.*, 134 Fed. Appx. 420, 422 (11th Cir. 2005) (explaining that "good cause" exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service") (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). The Court has been lenient with plaintiff throughout this litigation because of his *pro se* status. However, dismissal is appropriate when a *pro se* litigant repeatedly fails to adhere to court orders and readily comprehended deadlines. *See Williams v. Robbins*, 153 Fed. Appx. 574, 576 (11th Cir. 2005)(upholding the district court's

AO 72A
(Rev.8/82)

dismissal of a *pro se* plaintiff's complaint for failure to timely perfect service). Because of plaintiff's repeated failures to comply with the Federal Rules and with the Court's directives, the Court dismisses plaintiff's amended complaint for failure to timely perfect service in accordance with Rule 4(m).

In addition, plaintiff's amended complaint does not contain a jurisdictional statement. (Amended Complaint [47].) Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

> a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it . . .

FED. R. CIV. P. 8(a). Several defendants, including Moss, Kennestone Hospital, and Physical Therapist at Kennestone Hospital, raised this issue in their first motions to dismiss. (Defs.' Mots. to Dismiss [7],[12],[15],[16],[18],[23],[29].) Instead of dismissing plaintiff's original complaint, the Court held a conference with all of the parties. (Conference Tr. [44].) At the conference, the Court instructed plaintiff that his complaint was deficient in several respects, including the lack of a jurisdictional statement. (*Id.*) The Court directed plaintiff to file an amended complaint addressing these deficiencies, and to include a jurisdictional statement in his amended complaint. (Order [45].) Plaintiff's Amended Complaint does not comply with the Court's Order. (Amended Complaint [47].)

9

Plaintiff has asserted state law medical malpractice claims against defendants. (Amended Complaint [47].) The basis for this Court's jurisdiction over those claims is not apparent from the pleadings. See *Good v. Krauss*, 457 F.Supp. 50, 51 (D.C. Tenn. 1978)("The burden is on the plaintiff[] to demonstrate that this case is within the competence of this Court, and the presumption is that the Court lacks jurisdiction until the contrary is demonstrated.") and *D'Agostino v. Sarivola*, 2001 WL 761063 *3 (S.D.N.Y. 2001)(refusing to exercise jurisdiction over plaintiff's state law claims where plaintiff did not allege any facts upon which the court could invoke diversity jurisdiction). As discussed, dismissal is appropriate where plaintiff repeatedly fails to comply with the Federal Rules of Civil Procedure and the Court's directives. See *Moore v. Wright*, 2002 WL 31685729 *2 (N.D. Ohio 2002) (dismissing plaintiff's complaint for failure to include a jurisdictional statement after several warnings). For this additional reason, the Court dismisses plaintiff's claims against defendants Moss, Kennestone Hospital, and Physical Therapist at Kennestone Hospital.

## II. Plaintiff's Motion for Evidentiary Hearing

Plaintiff requests an evidentiary hearing to "bring[] to the forefront [a]ll of the material" that the Court used in its November 30, 2005 Order. (Pl.'s Mot. for Evidentiary Hr'g [133].) All of the material the Court relied upon in that Order is in the record and was

submitted by the parties themselves. Accordingly, there is no basis for granting an evidentiary hearing, and plaintiff's motion [133] should be **DENIED**.

### III. Plaintiff's Motion for Clarification

Plaintiff has filed a motion for clarification of the Court's order dismissing several defendants from this case. (Pl.'s Mot. for Clarification [134].) Specifically, plaintiff requests an order clarifying that defendants were dismissed for insufficiency of process, and that the dismissal is, accordingly, without prejudice. (Id.) See FED. R. CIV. P. 4(m)(providing for dismissal without prejudice for failure to timely perfect service). To summarize and clarify the Court's prior orders in this case: Defendants Paralitcci, Armistead, Wetherly, Tark, Hormes, Javed, Chocallo, and Lunceford were dismissed without prejudice. (Order [74]; Order [126].) Defendants Shaheen and Wheatley were granted summary judgment. (Order [126].) As a result of the present Order, defendants Moss, Kennestone Hospital, and Physical Therapist at Kennestone Hospital are dismissed without prejudice.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' Motion to Dismiss [127], **DENIES as moot** defendants' Motion for Reconsideration [128], **DENIES** plaintiff's Motion for Evidentiary

11

Hearing [133], and **GRANTS** plaintiff's Motion for Clarification [134]. The Clerk is directed to close this action.

    SO ORDERED, this 25 day of August, 2006.

                                                      JULIE E. CARNES
                                                  UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)